DALE v. WHITEMAN

AUTOMOBILES—NEGLIGENCE—OWNER LIABILITY STATUTE—INDEMNIFI-
CATION—INDEPENDENT DUTY.

> Plaintiff, an employee at a car wash, who was injured by defend-
> ant's car while it was being driven by another car wash em-
> ployee may bring suit for damages against the owner of the
> car under the owner liability statute even though the car wash
> owner was paying workmen's compensation and the defendant
> may seek indemnification from the car wash owner because
> the owner breached the independent duty he owed defendant
> to operate the vehicle through the car wash without negligence
> (MCLA § 257.401).

Appeal from Genesee, Elza H. Papp, J.  Sub-
mitted Division 2 September 5, 1971, at Lansing.
(Docket Nos. 8570, 8571.)  Decided October 26, 1971.
Leave to appeal granted, 386 Mich 791.

Complaint by Robert A. Dale against Ernest
Whiteman under the owner's liability statute for
damages for injuries caused by another employee's
negligence.  Third-party complaint by Whiteman
against Carl Goldfarb for indemnification.  Counter-
claim by Goldfarb against Whiteman for reimburse-
ment for workmen's compensation benefits he had
paid plaintiff.  Summary judgment granted plaintiff
on the issue of Whiteman's liability; summary judg-
ment granting indemnification for Whiteman against
Goldfarb.  Judgment on a jury award for plaintiff

REFERENCES FOR POINTS IN HEADNOTE

58 Am Jur, Workmen's Compensation § 55.
8 Am Jur 2d, Automobiles and Highway Traffic § 595 et seq.

against Whiteman; judgment on a jury verdict granting Whiteman indemnification for the same amount as the judgment for plaintiff against Whiteman; and judgment on a verdict of no cause of action against Goldfarb on his counterclaim against Whiteman. Defendant Whiteman and third-party defendant Goldfarb appeal. Affirmed in part and remanded.

*Brownell, Gault & Andrews* (by *Douglas M. Philpott*), for plaintiff.

*Gault, Davison & Bowers,* for defendant and third-party plaintiff Whiteman.

*E. R. Whinham, Jr.,* for third-party defendant Goldfarb.

Before: QUINN, P. J., and DANHOF and TARGONSKI,* JJ.

QUINN, P. J. December 4, 1967, Whiteman took his automobile to a car wash owned by Goldfarb and turned it over to an attendant for washing. Whiteman had used this car wash before. The vehicle was pulled through the automatic car wash line by a chain; it was then driven to the drying area by Fox, an employee of Goldfarb. Plaintiff, an employee of Goldfarb, was drying another automobile. Fox drove Whiteman's car into plaintiff causing severe injuries.

Plaintiff filed his complaint against Whiteman under the owner's liability statute, MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101). Whiteman filed a third-party complaint against Goldfarb claiming indemnification and Goldfarb filed a cross-complaint

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

seeking reimbursement for workmen's compensation benefits he had paid plaintiff.

Plaintiff moved for summary judgment (GCR 1963, 117.2) on the issue of Whiteman's liability. Whiteman moved for summary judgment of indemnification against Goldfarb and for summary judgment of no cause for action against plaintiff. Goldfarb moved for summary judgment of no cause for action as to Whiteman and summary judgment for reimbursement for workmen's compensation benefits paid plaintiff.

On the basis of the pleadings, depositions, undisputed facts, and the briefs of the parties, the trial court granted plaintiff's motion and Whiteman's motion for indemnification. All other motions were denied. A jury awarded plaintiff $100,000 damages against Whiteman; granted Whiteman $100,000 indemnification against Goldfarb, and gave a verdict of no cause for action against Goldfarb on his cross-claim against Whiteman. Judgments entered accordingly, and Whiteman and Goldfarb appeal.

At trial and here, Whiteman contends that the statute relied on by plaintiff is not applicable to the factual situation of this case. We find *Frazier* v. *Rumisek* (1960), 358 Mich 455, and *Ladner* v. *Vander Band* (1965), 376 Mich 321, *contra* and controlling.

We do not discuss Goldfarb's contention that a fact question existed as to liability because facts found in the depositions would support a finding of plaintiff's contributory negligence. Contributory negligence of plaintiff was not pleaded affirmatively, GCR 1963, 111.7.

A further issue raised by Goldfarb is that by MCLA § 411.4 (Stat Ann 1968 Rev § 17.144), plaintiff's exclusive remedy against Goldfarb is under the workmen's compensation act, and the effect of allow-

ing Whiteman indemnification is to transfer tort liability to an employer contrary to § 411.4. In *White v. McLouth Steel Corp.* (1969), 18 Mich App 688, this Court disposed of this question contrary to Goldfarb's position. (See also Larson Workmen's Compensation Law, § 76.00 *et seq.*, commencing at page 227.)

The applicable rule is fairly stated in the *Diamond State Telephone Company* v. *University of Delaware*, —— Del ——, 269 A2d 52, 56, 57 (1970):

"The right to maintain an action of this type by a third party against a negligent employer who has been paying workmen's compensation to his injured employee or his widow, is recognized in 2A Larson, Workmen's Compensation Law § 76.00 (1970). In this section it is pointed out that an employer may be held liable for indemnity if he has breached an independent duty owed a third party, or if in the circumstances there is a basis for finding an implied promise of indemnity. If such is the fact, then the exclusive remedy provision in the workmen's compensation law has no application and will not bar suit by the third party against the employer."

In the case before us, Goldfarb breached the independent duty he owed to Whiteman to operate the latter's vehicle through the car wash without negligence.

MCLA § 413.15 (Stat Ann 1968 Rev § 17.189) permits Goldfarb to have reimbursement for workmen's compensation benefits paid to plaintiff. Plaintiff's judgment against Whiteman shall be reduced by the amount of such benefits and Whiteman's judgment of indemnification against Goldfarb is similarly reduced.

Remanded for entry of judgments consistent with this opinion, otherwise affirmed. Costs to plaintiff

against Whiteman.    Costs to Whiteman against
Goldfarb.
    All concurred.