DALE v WHITEMAN

OPINION OF THE COURT

1. AUTOMOBILES—OWNER'S LIABILITY—STATUTES—NEGLIGENCE—CAR WASH.

An owner of an automobile is liable for the negligent operation of the automobile when he has consented to its use; therefore, a defendant who took his automobile to a car wash is liable to plaintiff, an employee of the owner of the car wash, who was injured when a fellow employee drove defendant's automobile into plaintiff even though defendant was without fault (MCLA 257.401).

2. INDEMNITY—EQUITY—RESTITUTION.

The basis for indemnification has been said to rest upon the equitable principle of a right to restitution.

3. INDEMNITY—CONTRACTS—NEGLIGENCE—TORTS.

An implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another; this right of indemnity is based on the principle that everyone is responsible for his own negligence and it exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent.

4. INDEMNITY—AUTOMOBILES—CAR WASH—LIABILITY—EQUITY.

An automobile owner, whose car while being driven by an em-

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 571 *et seq.*
[2] 41 Am Jur 2d, Indemnity § 19 *et seq.*
[3] 41 Am Jur 2d, Indemnity § 20.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic § 582.
[5] 58 Am Jur, Workmen's Compensation § 48.
[6] 58 Am Jur, Workmen's Compensation § 358.
[7] 61 Am Jur 2d, Pleadings §§ 75, 162.
[8, 9] 8 Am Jur 2d, Automobiles and Highway Traffic § 598.

ployee of a car wash injured another employee of the car wash, is entitled to indemnity from the car wash owner upon the equitable principle that the automobile owner was without personal fault as liability should fall upon the party best situated to adopt preventive measures and thereby reduce the likelihood of injury.

5. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—EMPLOYER'S LIABILITY.

The exclusive remedy provision of the Workmen's Compensation Act is intended to be a bar only to any action against an employer by the employee or one which is derivative from his claim (MCLA 411.4).

6. WORKMEN'S COMPENSATION—INDEMNITY—STATUTES.

An employer has a right under the Workmen's Compensation Act to be indemnified for workmen's compensation benefits paid by him to his injured employee in an action by the employee or the employer against anyone "having a legal liability" to the injured employee.

7. PLEADING—COURT RULES—CLAIMS—DEFENSES.

A court rule permits inconsistent claims or defenses (GCR 1963, 111.9[2]).

### DISSENTING OPINION

T. E. BRENNAN and T. G. KAVANAGH, JJ.

8. AUTOMOBILES—OWNER'S LIABILITY—STATUTES—NEGLIGENCE.

*Liability of the owner of a motor vehicle under a statute imposing liability upon him for the negligence of another operating it with the former's permission is derivative, the negligence of the operator of the vehicle being imputed to the owner; accordingly, where the operator is not liable, whether his freedom from liability arises from a want of negligence on his part or from the existence of such a relation between himself and the person injured as to preclude any liability on his part for the injury, the statute does not create an independent liability on the part of the owner (MCLA 257.401).*

9. AUTOMOBILES—OWNER'S LIABILITY—DERIVATIVE ACTION—STATUTES —WORKMEN'S COMPENSATION.

*An action against the owner of a vehicle, which was purely derivative, should not lie where there could be no recovery against the driver, who was a natural person in the same employ as plaintiff's employer, since the workmen's compensa-*

*tion statute provides a defense to the operator of the vehicle
(MCLA 413.15).*

Appeal from Court of Appeals, Division 2,
Quinn, P. J., and Danhof and Targonski, JJ., af-
firming in part and remanding Genesee, Elza H.
Papp, J. Submitted October 3, 1972. (No. 5 October
Term 1972, Docket No. 53,844.) Decided December
21, 1972. Rehearing denied January 30, 1973.

36 Mich App 533 affirmed.

Complaint by Robert A. Dale against Ernest
Whiteman for damages for injuries sustained when
struck by automobile. Third-party complaint by
Whiteman against Carl Goldfarb for indemnifica-
tion. Counterclaim by Goldfarb against Whiteman
for reimbursement for workmen's compensation
benefits paid plaintiff. Judgment for plaintiff.
Judgment for Whiteman granting indemnification.
Judgment of no cause of action for Goldfarb on his
counterclaim. Defendant Whiteman and third-
party defendant Goldfarb appealed to the Court of
Appeals. Affirmed in part and remanded. Goldfarb
appeals. Affirmed.

*Gault, Davison & Bowers,* for defendant and
third-party plaintiff Whiteman.

*E. R. Whinham, Jr.,* for third-party defendant
Goldfarb.

ADAMS, J.

I. THE FACTS, PROCEEDINGS AND QUESTION

The statement of facts and proceedings in this
case is set forth by Judge QUINN in his opinion in
the Court of Appeals as follows:

"December 4, 1967, Whiteman took his automobile to a car wash owned by Goldfarb and turned it over to an attendant for washing. Whiteman had used this car wash before. The vehicle was pulled through the automatic car wash line by a chain; it was then driven to the drying area by Fox, an employee of Goldfarb. Plaintiff, an employee of Goldfarb, was drying another automobile. Fox drove Whiteman's car into plaintiff causing severe injuries.

"Plaintiff filed his complaint against Whiteman under the owner's liability statute, MCLA 257.401 (Stat Ann 1968 Rev § 9.2101). Whiteman filed a third-party complaint against Goldfarb claiming indemnification and Goldfarb filed a cross-complaint seeking reimbursement for workmen's compensation benefits he had paid plaintiff.

"Plaintiff moved for summary judgment (GCR 1963, 117.2) on the issue of Whiteman's liability. Whiteman moved for summary judgment of indemnification against Goldfarb and for summary judgment of no cause for action against plaintiff. Goldfarb moved for summary judgment of no cause for action as to Whiteman and summary judgment for reimbursement for workmen's compensation benefits paid plaintiff.

"On the basis of the pleadings, depositions, undisputed facts and the briefs of the parties, the trial court granted plaintiff's motion and Whiteman's motion for indemnification. All other motions were denied. A jury awarded plaintiff $100,000 damages against Whiteman; granted Whiteman $100,000 indemnification against Goldfarb, and gave a verdict of no cause for action against Goldfarb on his cross-claim against Whiteman. Judgments entered accordingly, and Whiteman and Goldfarb appeal." 36 Mich App 533, 534–535 (1971).

The Court of Appeals held that Goldfarb breached *an independent duty* he owed to Whiteman to operate the latter's vehicle through the car wash without negligence. It reduced plaintiff's judgment against Whiteman by the amount of workmen's compensation benefits paid to plaintiff

by Goldfarb and reduced Whiteman's judgment of indemnification against Goldfarb in a similar amount.

In *Husted v Consumers Power Co,* 376 Mich 41 (1965), in the per curiam opinion, which dealt with joinder of an injured employee's employer as a third-party defendant, it was concluded (p 56):

"Thus if Husted could not sue his employer (Hertel-Deyo), and we know he could not, Hertel-Deyo and Consumers cannot be joint tort-feasors by law. Consumers therefore cannot sue Hertel-Deyo for contribution should it be held to respond to plaintiffs in damages."

It went on to say (p 56):

"We carefully avoid deciding that there cannot be, in any circumstances of noncontractual relationship between a sued defendant and the plaintiff's employer, recovery over against the employer. * * * . An obligation to reimburse can be implied by equitable principles, provided always the relator is without personal fault."

Though the question now before us was carefully preserved and not passed upon in *Husted,* the decision of the trial court was largely based upon the just-quoted statement from *Husted* and the decision of the Court of Appeals was based upon *White v McLouth Steel Corp,* 18 Mich App 688 (1969), following *Husted.*

The exclusive remedy provision of the Michigan workmen's compensation law (Part I, § 4; MCLA 411.4; MSA 17.144), reads:

"Where the conditions of liability under this act exists, the right to the recovery of compensation bene-

fits, as herein provided, shall be the exclusive remedy against the employer."[1]

It is argued that taking into account one of the purposes of the workmen's compensation law—to establish limits of liability of an employer to his employee for injuries—the language of the statute provides the *exclusive* remedy against an employer in any situation. Since plaintiff is receiving benefits from Goldfarb as an employee, Goldfarb maintains that § 4 bars any claim against him other than one for workmen's compensation benefits.

Whiteman's liability to plaintiff, even though he was without fault, is clear. In *Frazier v Rumisek,* 358 Mich 455, 457 (1960), Justice TALBOT SMITH, writing for the Court, said:

"The owner liability statute before us was passed in response to an overwhelming public need. Common-law liability, circumscribed as it was by the doctrine of bailment, *respondeat superior,* agency, and the like, was unable to cope with the rising tide of injuries resulting from the use of the new mechanism, the automobile. Principal among the legislative answers were the owner liability laws. Their purpose, as Mr. Justice EDWARDS held in *Moore v Palmer,* 350 Mich 363 [1957], was to extend and complement the common law. The legislative theory was simple to state and broadly applicable: An owner was liable for the negligent operation of the machine owned by him when he had consented to its use. The liability is broader than that imposed by the doctrine of *respondeat superior* * * * ."

In *Ladner v Vander Band,* 376 Mich 321, 331–332 (1965), involving owner liability for a car not driven on a public highway, but rather in a private parking lot, Justice BLACK, concurring separately, wrote:

---

[1] This act was repealed by 1969 PA 317. The new section is MCLA 418.131, MSA 17.237(131).

"I do not see how the legislature could have titled and then written a plainer declaration of general owner liability; a liability which is qualified only by the express exceptions that are set forth in said section 401, no one of which is of present concern. That body told us that the owner 'shall be liable for *any* injury occasioned by the negligent operation of such motor vehicle.' It did *not* say that such liability should be limited to negligent operation 'upon a public highway.' It *did* employ the adjective pronoun 'any,' prior to 'injury occasioned by the negligent operation of such motor vehicle,' which pronoun courts, lawyers and lay folk have ever looked upon as synonymous with 'every,' and 'each one of all.' See detailed discussion in *Harrington v Inter-State Business Men's Accident Ass'n,* 210 Mich at 327, 330, 331 [1920]; also the following approved quotation appearing in *Gibson v Agricultural Life Ins. Co., of America,* 282 Mich 282 at 289 [1937]:

" 'The clause uses the word "any," which, to the ordinary understanding implies "of every kind." The word negatives the idea of exclusion and would seem to mean just what it says.' "

Since it is also clear that Whiteman "is without personal fault", the question is whether an obligation to reimburse can be implied by equitable principles in the face of the sweeping language of the workmen's compensation law.

## II. Indemnity

The basis for indemnification has been said to rest upon the equitable principle of a right to restitution. Courts have found various grounds for granting indemnity. Probably the simplest situation is one in which the parties have entered into a written contract in which one party has clearly agreed to indemnify the other. Next are those cases where the contract terms are such that a right of indemnification can be implied. See *Ryan Stevedoring Co, Inc v Pan-Atlantic Steamship*

*Corp,* 350 US 124; 76 S Ct 232; 100 L Ed 133 (1956); *McDonnell Aircraft Corp v Hartman-Hanks-Walsh Painting Co,* 323 SW2d 788 (Mo, 1959). Then there are those cases where the courts have written into the agreement of the parties an implied contract to indemnify based upon the undertaking of one party, written or oral, to perform a certain service or furnish a product to the other party. See *Diamond State Telephone Co v University of Delaware,* 269 A2d 52 (Del, 1970).

Other decisions are based on the special relationship between the parties—such as a bailment. In these cases, the bailor has been given a right of indemnification from the bailee. See *Lunderberg v Bierman,* 241 Minn 349; 63 NW2d 355 (1954); *Baugh v Rogers,* 24 Cal 2d 200; 148 P2d 633 (1944).

Finally, there are a number of cases in which the right to be indemnified is based upon the theory that the party entitled to indemnification was a "passive" tortfeasor as opposed to the "active" tort of some other party. See *Larson v Minneapolis,* 262 Minn 142; 114 NW2d 68 (1962); *Daly v Bergstedt,* 267 Minn 244; 126 NW2d 242 (1964).

Whatever theory may be followed by the courts, the principle has been summed up in 42 CJS as follows:

"It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity * * * ." (42 CJS, § 21, p 596.)

"This right of indemnity is based on the principle that everyone is responsible for his own negligence * * * . It exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other

a special or particular legal duty not to be negligent."
(42 CJS, § 21, p 597).

In this case, the right to indemnity might be
predicated upon the theory of a bailment, as was
done in *Lunderberg, supra.* Or it might be implied
as a part of the undertaking of Goldfarb to wash
the car in a workmanlike fashion, as was done in
*Diamond State Telephone Co, supra.* We prefer to
base such right upon the equitable principle that
Whiteman was without personal fault or as the
United States Supreme Court reasoned in *Italia
Societa per Azioni di Navigazione v Oregon Steve-
doring Co, Inc,* 376 US 315, 324; 84 S Ct 748; 11 L
Ed 2d 732 (1964): "[L]iability should fall upon the
party best situated to adopt preventive measures
and thereby to reduce the likelihood of injury."

### III. Workmen's Compensation Act Exclusive Remedy

Numerous courts have had occasion to consider
whether the exclusive remedy provision of a work-
men's compensation statute is a bar to a claim of
indemnity. The great majority, interpreting the
varying language of their statutes, have found that
it is not.

In *Westchester Lighting Co v Westchester
County Small Estates Corp,* 278 NY 175; 15 NE2d
567 (1938), the majority opinion stated:

"It is provided by section 11: 'The liability of an
employer prescribed by the last preceding section shall
be exclusive and in place of any other liability whatso-
ever, to such employee, his personal representatives,
husband, parents, dependents or next of kin, or anyone
otherwise entitled to recover damages, at common law
or otherwise on account of such injury or death * * * .'

"The whole point made by the defendant is that these provisions bar the present action.

"We think this position has no warrant in the text that has been quoted from the statute. Plaintiff does not sue for damages 'on account of' Haviland's death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant."

In *American District Telegraph Co v Kittleson,* 179 F2d 946 (CA8, 1950), the Circuit Court of Appeals, in construing the Iowa compensation act, said:

"We can discover nothing in the language of the Iowa Compensation Act indicating a purpose to abolish common law actions in tort except as between employer and employee. On the contrary, the language of the Act relied on by appellees points the other way. By section 85.3 every employer subject to the Act is required to 'pay compensation * * * for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and *in such cases,* the employer shall be relieved from other liability for recovery of damages or other compensation *for such personal injury.'* The language quoted imposes upon the employer liability to the extent provided by the Act to an employee injured in the course of his employment, and relieves the employer from further liability to his employee. To say that this language relieves an employer from liability to a third party, to one not in his employ, for the employer's act of negligence damaging such third party is to read into the Act something that plainly is not there. Moreover, section 85.22 expressly shows that the common law actions in tort abolished by the Act were exclusively those between employer and employee by the provision that when an employee's injury is caused under circumstances creating a legal liability against some person other than the employer, the employee may maintain an action against such third party for damages. This section of the Act preserves to the employee the common law actions in tort

not arising out of his relation with his employer and is an express recognition by the legislature that the Act does not operate beyond that field."

The reasoning of the Federal Court was subsequently adopted by the Iowa Supreme Court in *Blackford v Sioux City Dressed Pork, Inc,* 254 Iowa 845; 118 NW2d 559 (1962).

In *Moroni v Intrusion-Prepakt, Inc,* 24 Ill App 2d 534; 165 NE2d 346 (1960), the Appellate Court of Illinois, First District, First Division, said:

"The intention of the legislature when it included the blanket clause of exemption from liability is indicated by the words used in Section 5 abolishing any common law or statutory right to recover for such injuries 'to any one wholly or partially dependent upon him [the injured man], the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.' It appears to us that this limitation indicates that the legislature had in mind those who might attempt to recover through some relationship with the injured party, and not any one such as the counter-claimant in the instant case, who seeks to recover on a duty separate and apart from that owing to the injured employee."

We believe the reasoning in the above cases to be correct and that the exclusive remedy provision of the Workmen's Compensation Act is intended to be a bar only to any action against an employer by the employee or one which is derivitive from his claim. In this case, if a passing pedestrian had been injured instead of an employee of Goldfarb, clearly Whiteman's vicarious liability to that pedestrian should be indemnified by Goldfarb. We can see no reason for a different result here.

Under the Workmen's Compensation Act, in an action by the employee or the employer against anyone "having a legal liability" to an injured

employee, Goldfarb has a statutory right to be indemnified for workmen's compensation benefits paid by him to his injured employee. By its holding, the Court of Appeals preserved this right of Goldfarb by cancelling out Goldfarb's right of recovery from Whiteman and Whiteman's judgment against Goldfarb in the amount of compensation paid by Goldfarb.

A secondary issue raised by third-party defendant goes to the claim that Goldfarb was prevented from litigating an issue of fact regarding plaintiff Dale's possible contributory negligence. GCR 1963, 111.9(2) permits inconsistent claims or defenses. The question was never raised at the trial court level. We therefore do not pass on it at this time.

The Court of Appeals is affirmed. Costs to appellee.

T. M. KAVANAGH, C. J., and BLACK, SWAINSON, and WILLIAMS, JJ., concurred with ADAMS, J.

T. E. BRENNAN, J. *(dissenting).* The case presented is one of first impression in this jurisdiction, and it is one upon which there is a split of authority elsewhere.

In my view, the better rule is that stated in 8 Am Jur 2d, Automobiles, § 598, p 152:

"The liability of the owner of a motor vehicle under a statute imposing liability upon him for the negligence of another operating it with the former's permission is derivative, the negligence of the operator of the vehicle being imputed to the owner. It has been held that no liability on the part of the owner, independent of the negligence of the driver, is created by the statute, so that if no liability is created by the act of the operator, there is none imposed upon the owner. Accordingly, where the operator is not liable, whether his freedom from liability arises from a want of negligence on his

part or from the existence of such a relation between himself and the person injured as to preclude any liability on his part for the injury, the statute does not create an independent liability on the part of the owner."

Since our Michigan workmen's compensation statute MCLA 413.15; MSA 17.189, provides a defense to the operator of the vehicle which injured the plaintiff Dale, that defense being that Fox, the operator, was a natural person in the same employ as the plaintiff's employer, there could be no recovery by Dale against Fox. That being the case, the action against Whiteman, the owner of the vehicle, being purely derivative, should not lie.

I would reverse the judgments of the courts below and enter a judgment of no cause for action against the plaintiff and against the third-party plaintiff.

T. G. KAVANAGH, J., concurred with T. E. BRENNAN, J.