ROBERTS v STATE OF MICHIGAN

1. AUTOMOBILES—AIR POLLUTION—REGULATION—STATE AGENCIES—
   STATUTES.

   Neither the Secretary of State nor the Director of the Department of State Highways have the authority to promulgate rules and regulations to control air pollution (MCLA 336.11 *et seq.).*

2. COURTS—COURT OF CLAIMS—JURISDICTION.

   The Court of Claims has exclusive jurisdiction of actions for damages against the State of Michigan and state officials (MCLA 600.6419).

3. STATUTES—CONSTITUTIONALITY—OTHER ISSUES.

   The constitutionality of a statute will not be passed upon if the case may be otherwise decided.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 December 7, 1972, at Lansing. (Docket No. 13640.) Decided February 23, 1973.

Complaint by Charles G. Roberts for himself and on behalf of the citizens and taxpayers of the State of Michigan against the State of Michigan, the Secretary of State and the Director of the Department of State Highways to enjoin the issuance of motor-vehicle licenses and the construction of highways pending adoption and enforcement of air-pollution controls, and for damages. Affirmed in part, reversed in part.

*Robert C. Hauke (James F. Sheridan,* of counsel), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pollution Control.
[2] No references.
[3] 16 Am Jur 2d, Constitutional Law § 103.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Hugh B. Anderson, Roderick S. Coy, Charles Alpert, Russell A. Searl,* and *James D. Mueller,* Assistants Attorney General, for defendants.

*Amicus Curiae: Joseph L. Sax.*

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J. Plaintiff filed suit in his individual capacity and on behalf of the citizens of the State of Michigan for injunctive relief and $510,000,000 in damages, under the provisions of MCLA 691.1202; MSA 14.528(202).

Plaintiff asked that the Secretary of State be restrained from issuing motor-vehicle licenses and that the Director, State Department of Highways, be restrained from constructing highways until rules, regulations, standards, and safeguards were adopted and enforced which would control air pollution caused by automobiles.

Plaintiff also asked that the defendants be restrained from using or operating state-owned vehicles until such rules, regulations, standards, and safeguards were adopted.

Plaintiff also demanded $510,000,000 in damages.

Defendants moved for summary judgment and accelerated judgment claiming the Secretary of State and Director, State Department of Highways, lacked authority to adopt standards, rules, regulations, and safeguards in relation to pollution arising from the operation of motor vehicles.

The trial court agreed that the Secretary of State and Director, State Department of Highways, lacked authority to adopt standards, rules,

regulations, and safeguards in relation to pollution. The court refused to dismiss the defendants from the suit as it held that the defendants had authority to adopt rules and regulations as to vehicles owned or operated by the two defendants and their respective departments.

The trial court held that the act was unconstitutional so far as it pertains to pollution arising from the operation of motor vehicles as an unlawful delegation of legislative authority to the courts.

MCLA 336.11 *et seq.;* MSA 14.58(1) *et seq.,* known as the "Air Pollution Act", established a commission to promulgate rules and regulations for controlling air pollution. Neither the Secretary of State nor the Director, State Department of Highways, are members of the commission.

Neither of the two named defendants have the authority or the responsibility to promulgate rules and regulations to control air pollution.

The Michigan Court of Claims has exclusive jurisdiction of actions for damages against the State of Michigan and state officials. MCLA 600.6419; MSA 27A.6419.

It is a well established principle that the constitutionality of a statute will not be passed upon if the case may be otherwise decided. It is not necessary to decide the constitutional issue in this case.

The trial court erred in deciding the constitutionality of the "Environmental Protection Act of 1970" and is hereby reversed.

The trial court is affirmed in its dismissal of the cause of action.

Affirmed in part and reversed in part.

No costs, a public question.

All concurred.