Michael **SAAD** and Helene Saad, Plaintiffs,

v.

**JOHN E. SMITH'S SONS COMPANY,** a New York Corporation, **Defendant** and **Third-Party Plaintiff,**

v.

**GORDON'S SAUSAGE COMPANY,** **Third-Party Defendant.**

**Civ. A. No. 4–71855.**

United States District Court, E. D. Michigan, S. D.

Aug. 29, 1975.

Robert J. Lawther, Detroit, Mich., for plaintiffs.

Daniel L. Garan, Detroit, Mich., for J. E. Smith's Sons Co.

David M. Tyler, Detroit, Mich., for Gordon's Sausage Co.

## MEMORANDUM OPINION AND ORDER

KEITH, District Judge.

This action was filed by plaintiffs Michael Saad and Helene Saad against John E. Smith's Sons Company (Smith's) for injuries which plaintiff Michael Saad allegedly sustained while operating a meat grinder, in the course of plaintiff's employment with Gordon's Sausage Company (Gordon's). The meat grinder was allegedly manufactured, designed and sold by the defendant Smith's. Smith's then moved for leave to file a third party complaint against plaintiff's employer Gordon's alleging that Smith's is entitled to indemnification on the ground that Gordon's breached its duty to plaintiff Saad to provide, *inter alia,* a safe place of em-

ployment, such breach being the sole, proximate cause of Saad's injuries.

Gordon's now moves for Summary Judgment against Third-Party Plaintiff Smith's claiming that as a matter of law Smith's cannot assert a claim for indemnity against Gordon's. As grounds for this motion Gordon's asserts that under Michigan law a party seeking indemnity must plead and eventually prove freedom from personal fault, and that construing the facts in the light most favorable to Smith's, Smith's cannot support such a claim.

■■ Both in its brief in opposition to Gordon's motion, as well as at oral argument, defendant and third party plaintiff Smith's argued that Gordon's motion should be denied because of recent cases in Michigan which have permitted joinder of an employer as a third party defendant on an indemnity theory. *Nanasi v. General Motors,* 56 Mich.App. 652, 224 N.W.2d 914 (1974). Formerly, the exclusive remedy clause of the Workmen's Compensation Act was considered a possible bar to such joinder, and it still precludes a suit for contribution. *Husted v. Consumers Power Co.,* 376 Mich. 41, 135 N.W.2d 370 (1965). See also *Dale v. Whiteman,* 388 Mich. 698 at 708, 202 N.W.2d 797 at 802 (1972) ". . . the exclusive remedy provision of the Workmen's Compensation Act is intended to be a bar only to any action against an employer by the employee or one which is derivative from his claim."

Joinder of an employer is therefore clearly not barred simply by virtue of the exclusive remedy clause of the Workmen's Compensation Act; however, the question remains under what circumstances such joinder is proper.

■ In reaching its conclusion in *Dale, supra,* the Supreme Court of Michigan discussed the various bases for permitting a third party plaintiff to pursue a theory of indemnification and join a third party claim. Without rehearsing the possible permutations extensively elaborated in *Dale* as well as in the

opinion of District Judge Levin in *Lowe v. New York Central Railroad Company,* 148 F.Supp. 337 (E.D.Mich.1957), this Court refers to the excerpt from 42 C.J.S. Indemnity § 21, p. 596 which the Supreme Court in *Dale* used to sum up the principle of equitable reimbursement: "It is a well recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity." In other words, the burden of indemnity should be placed on the party whose active negligence was the proximate cause of the plaintiff's injury. The person claiming indemnity, however, must be able to show that he/she was free from personal fault, i. e., only passively negligent, in that he/she did not participate in the commission of the tort. Liability therefore arises primarily by operation of law.

■ This is not the case here. Plaintiff's cause of action against Smith's alleges a direct breach of duty. If Smith's is found liable to plaintiff, such liability will not have arisen by virtue of a statute or by virtue of the doctrine of respondeat superior, but because the trier of fact found that Smith's itself breached a duty owed to plaintiff, such breach being the proximate cause of plaintiff's injuries; Smith's would not be entitled to restitution from Gordon's because Smith's would be actively and causally negligent. On the other hand, should Smith's be successful in its claim of no personal fault or lack of proximate cause, that would be a complete defense to plaintiff's claim and the issue of indemnity would be mooted.

In *Husted v. Consumers Power Co., supra,* the Michigan Supreme Court reserved opinion on the question whether recovery on equitable principles is permissible under certain circumstances where a noncontractual relationship exists between a sued defendant and the

plaintiff's employer. The possibility of a third party claim for indemnity was expressly left open as was the class of the circumstances under which such a claim would be proper. Nevertheless, it is clear from subsequent Michigan cases that the Supreme Court never envisioned a right of indemnity based on facts such as are found in the instant case, where the sued defendant, if found liable, will be so based solely on his own negligence. On the facts at bar, a third party claim for indemnity is improper as a matter of law.

The Motion for Summary Judgment of third party defendant Gordon's against third party plaintiff Smith's should be, and hereby is, granted. It is so ordered.