MINSTER MACHINE COMPANY v DIAMOND STAMPING
COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—
    PLEADINGS—COURT RULES.
    Summary judgment granted on the basis that the opposing party
    has failed to state a claim upon which relief can be granted is
    to be tested on appeal by the pleadings alone (GCR 1963,
    117.2[1]).

2. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—
    WELL-PLEADED FACTS—COMPLAINT—COURT RULES.
    An appellate court in reviewing a summary judgment in favor of
    a defendant on the basis that the plaintiff failed to state a
    claim upon which relief can be granted is to accept as true the
    well-pleaded facts in the plaintiff's complaint and to determine
    whether these claims are so clearly unenforceable as a matter
    of law that no factual development can possibly justify a right
    to recovery (GCR 1963, 117.2[1]).

3. INDEMNITY—THEORY—ANOTHER GUILTY OF WRONG—FREEDOM
    FROM FAULT.
    The theory of indemnity is that where the wrongful act of one
    results in liability being imposed on another, such other person
    may have indemnity from the person actually guilty of the
    wrong, but the person seeking indemnity must plead and prove
    freedom from active or causal negligence on his part; there is
    no right of indemnification between actual joint tortfeasors or
    tortfeasors in pari delicto.

4. INDEMNITY—COMPLAINT—PERSONAL FAULT—ADOPTION OF PREVEN-
    TIVE MEASURES—PASSIVE NEGLIGENCE—SUMMARY JUDGMENT—
    COURT RULES.
    A plaintiff in an indemnification action must allege in his com-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment, § 26 et seq.
[2] 73 Am Jur 2d, Summary Judgment, § 36.
[3] 41 Am Jur 2d, Indemnity § 16.
[4] 41 Am Jur 2d, Indemnity § 9.
    Scope and character of meritorious defense as condition of relief
    from judgment. 175 ALR 10.

plaint (1) that the plaintiff is without personal fault, (2) that the plaintiff is not the party best situated to insure that preventive measures would be adopted, and (3) that the plaintiff's negligence, if any, was only passive negligence; summary judgment for the defendant is appropriate where the plaintiff has failed to allege these requirements (GCR 1963, 117.2[1]).

Appeal from Wayne, Victor J. Baum, J. Submitted June 17, 1976, at Detroit. (Docket No. 26302.) Decided October 20, 1976.

Complaint by Minster Machine Company against Diamond Stamping Company seeking indemnification for damages sought from the plaintiff by an employee of the defendant who was injured on the defendant's premises while operating a machine manufactured by the plaintiff. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Harvey, Kruse & Westen, P. C.* (by *John A. Kruse* and *Michael F. Schmidt*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for defendant.

Before: V. J. Brennan, P. J., and N. J. Kaufman and R. H. Campbell,* JJ.

N. J. Kaufman, J. Plaintiff, Minster Machine Company (hereinafter Minster), brings this appeal seeking to reverse a summary judgment granted by the Wayne County Circuit Court in favor of defendant Diamond Stamping Company (hereinafter Diamond), because of plaintiff's alleged failure to state a claim upon which relief can be granted. GCR 1963, 117.2(1).

Briefly, the present controversy grew out of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

following facts: On January 27, 1973, Roland Yost, a temporary employee of Diamond, was injured on the premises of Diamond while operating a press manufactured by Minster.

As a result of the accident and the serious injuries which he allegedly incurred, Yost initiated suit against Minster, Chrysler Corporation (the manufacturer and designer of the die being used in the press) and United States Fidelity & Guarantee, Inc., Diamond's Workmen's Compensation carrier, which allegedly inspected Diamond's plant.

Yost's specific averments against Minster included, among others, failure to instruct on proper usage of the press, failure to warn of the dangerous features of the press and failure to install adequate guards on the press.

After answering the complaint, Minster sought to add Diamond as a third-party defendant. The third-party complaint asserted, in essence, that the duties purportedly breached by Minster were in actuality primarily the duties of plaintiff's employer. In accordance with this theory, the complaint stated that in the event Minster should be found liable to Yost, Minster would be entitled to complete indemnification and a judgment against Diamond, based upon Diamond's active and primary negligence. The trial court was not persuaded by this reasoning and denied the motion.

Subsequently, Minster brought the present separate action against Diamond. The allegations contained therein were virtually identical to those asserted by Minster in its proposed third-party complaint.

Diamond moved for a summary judgment arguing that no theory of indemnification adhered to in Michigan supported Minster's claim. Minster strenuously opposed this motion and again as-

serted that liability may be found against Minster on grounds which, as opposed to the active and primary negligence of Diamond, would constitute only passive or secondary negligence. As noted previously, the trial court failed to agree with Minster and granted summary judgment to Diamond.

Before turning to our analysis of the propriety of this judgment, we initially note the standard of review which must be employed in determining the correctness of a GCR 1963, 117.2(1) motion for summary judgment, succinctly stated in *Borman's, Inc v Lake State Development Co,* 60 Mich App 175, 179–180; 230 NW2d 363, 366 (1975):

"A motion based solely on subsection 1, challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). [The] job [of] a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint, * * * , *Weckler v Berrein County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974), and to determine whether these claims are so 'clearly unenforceable as a matter of law that no factual development can possible [sic] justify a right to recovery.' *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972)."

Coming directly to the concrete problem before us, this Court in *Provencal v Parker,* 66 Mich App 431, 435–436; 239 NW2d 623 (1976), carefully reviewed the settled principles of indemnity as developed by the courts of this state:

"Indemnification rests upon the equitable principle of a right to restitution. *Dale v Whiteman,* [388 Mich 698; 202 NW2d 797 (1972)]. The theory of indemnity is that where the wrongful act of one results in liability being

imposed on another, such other person may have indemnity from the person actually guilty of the wrong. *Hart Twp v Noret,* 191 Mich 427; 158 NW 17 (1916), *Detroit, G H & M R Co v Boomer,* 194 Mich 52; 160 NW 542 (1916), *Village of Portland v Citizens Telephone Co,* 206 Mich 632; 173 NW 382 (1919), *Indemnity Insurance Co of North America v Otis Elevator Co,* 315 Mich 393; 24 NW2d 104 (1946). The party seeking indemnity must plead and prove freedom on his part from personal fault. *Indemnity Insurance Co of North America v Otis Elevator Co, supra, Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965). This has been interpreted to mean that the party seeking indemnity must be free from active or causal negligence, *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973), *lv den* 391 Mich 754 (1973), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974). There is no right of indemnification between actual joint tortfeasors or tortfeasors in pari delicto. *Detroit, G H & M R Co v Boomer, supra, Village of Portland v Citizens Telephone Co, supra."*

Against this background certain underlying principles emerge, applicable to the instant case, which manifest deep convictions reflected by a solid body of judicial opinion in this state which we are bound to follow. The first of these is the strong policy requirement that the indemnitee be without personal fault for the harm that has occurred.[1] Thus, the indemnitee must be able to show "he did not participate in the commission of the tort; and his liability arises only by operation of law".[2] The second, and intimately related principle, is that "liability should fall upon the party best situated to adopt preventive measures".[3] No doubt the insistence on this second principle goes

---

[1] See also, *Dale v Whiteman, supra,* at 706.

[2] *Geib v Slater,* 320 Mich 316, 321; 31 NW2d 65 (1948). Accord, *Boucher v Thomsen,* 328 Mich 312; 43 NW2d 866 (1950).

[3] *Dale,* at 706.

hand in hand with the first. If one party is without personal fault in the resultant harm, logic dictates he will not be the best suited to ensure that preventive measures are adopted; hence, he may recover. However, where both have *actively* caused the injury, it is impossible for courts to theorize on who was the proper party to adopt proper precautions.

With this body of precedent and principles in mind, we come then to the thorny question before us: whether, where, as here, a product is allegedly negligently designed, the manufacturer of that product, who claims he is at most passively or secondarily negligent, can recover indemnity from the original plaintiff's employer on the basis of the employer's alleged active negligence in causing the injury. Minster submits that in light of the language concerning "active" and "passive" negligence found in *Dale, supra,* at 705, it is irrefutable that we are compelled to conclude that Minster states a cause of action cognizable under a recognized theory of indemnity. But this analysis is faulty.

Concededly, *Dale* explicitly recognized the active and passive negligence basis of recovery. See also *Provencal v Parker, supra.* However, we must be assured that plaintiff alleges a factual setting which properly invokes the application of this theory of indemnity.

Minster does not assert passive negligence of the type imposed by operation of law. Clearly, Minster's claim amounts to the assertion that his negligence, if any, was not the proximate cause of the accident; therefore, he should be entitled to indemnification from Diamond. Evidencing the reasoning we deem persuasive in rejecting a claim for indemnity under these circumstances, is the

view taken by the Illinois courts on this same question:

"all of the charges in the complaint of plaintiff against * * * [the manufacturer] are of active negligence. Thus, if plaintiff recovers a judgment against * * * [the manufacturer], it would necessarily be predicated upon active negligence. This being true, it follows inevitably that * * * [the manufacturer] would not be entitled to indemnity as against * * * [the employer]." *Burke v Sky Climber, Inc,* 13 Ill App 3d 498, 503; 301 NE2d 41, 45 (1973).

On appeal to the Illinois Supreme Court, this view was sustained where the Court stated:

"had * * * [the manufacturer's] position been sustained by the evidence, it would have presented a successful defense in the Burke action and no indemnity action would have been necessary. In effect, the third-party complaint has alleged a defense and has not established the requisite relationship which would permit consideration of the propriety of an indemnity action under the circumstances." *Burke v Sky Climber, Inc,* 57 Ill 2d 542, 546; 316 NE2d 516, 519 (1974).

These cases were quoted approvingly in *Prosky v National Acme Co,* 404 F Supp 852 (ED Mich, 1975), in an exhaustive analysis of the present question under Michigan law. We agree with the result reached therein. See also, *Saad v John E Smith's Sons Co,* 399 F Supp 523 (ED Mich, 1975).

Thus, in line with this reasoning, the only way that Minster could be held liable in the action by Yost is for his active negligence. He then fails to meet one of the essential requisites of indemnity: being without personal fault. Moreover, his allegations against Diamond are more akin to an action for contribution between joint tortfeasors, which

is, of course, precluded by the exclusive remedy provision of the Workmen's Compensation Act, MCLA 418.131; MSA 17.237 (131), *Husted v Consumers Power Co, supra, Dale, supra.* Hence, this action cannot be sustained.

Affirmed. Costs to defendant.