WILLIAMS v SHIN

Docket No. 51494. Submitted June 11, 1981, at Detroit.—Decided
    November 3, 1981.

Margaret Williams, individually, and as administratrix of the
    estate of Kathy Williams, deceased, brought an action in
    Wayne Circuit Court against Detroit General Hospital and Dr.
    H. Shin for damages resulting from an allegedly negligent
    psychiatric evaluation of the plaintiff's decedent. Detroit Gen-
    eral moved for leave to add the State of Michigan, Department
    of Mental Health, and Northville Regional Psychiatric Hospital
    as third-party defendants, alleging that Dr. Shin was an em-
    ployee of the department through its operation of the North-
    ville facility and not an employee of Detroit General. Detroit
    General's motion was granted, and the department thereupon
    moved for summary judgment and accelerated judgment on the
    ground that the circuit court lacked subject matter jurisdiction
    because the Court of Claims is vested with exclusive jurisdic-
    tion over claims against a state agency. Wayne Circuit Court,
    Ronald L. Olzark, J., granted the department's motion for
    accelerated judgment. Detroit General appeals. Held:

    1. The circuit court properly granted the department's mo-
    tion. The Court of Claims has exclusive jurisdiction over claims,
    including third-party claims, against a state agency.

    2. The section of the Revised Judicature Act which permits
    joinder of actions brought in the Court of Claims with actions
    arising out of the same transaction or series of transactions in
    any circuit court does not confer original subject matter juris-
    diction on the circuit court. The circuit court properly granted
    accelerated judgment.

    Affirmed.

1. COURTS — COURT OF CLAIMS — JURISDICTION — THIRD-PARTY
    CLAIMS — STATUTES.

    The Court of Claims has exclusive jurisdiction over suits against

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 33.

public officials acting in their official capacity as well as suits against state agencies or departments, and this jurisdiction obtains in an action where the state is made a third-party defendant (MCL 600.6419; MSA 27A.6419).

2. ACTIONS — COURT OF CLAIMS — CIRCUIT COURTS — JOINDER — JURISDICTION — STATUTES.

The section of the Revised Judicature Act which provides for transfer of claims originally brought in the Court of Claims to any circuit court for joinder for trial with pending circuit court cases arising out of the same transaction or series of transactions does not confer original subject matter jurisdiction of the claims on the circuit court, and any action by a circuit court with respect to a claim against a state department or agency or a public official acting in his official capacity originally brought in a circuit court, except dismissal of the cause, is void (MCL 600.6421; MSA 27A.6421).

*Kirk & Robertson, P.C.,* for Detroit General Hospital.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George L. Mc-Cargor* and *Craig Atchinson,* Assistants Attorney General, for the Department of Mental Health.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

PER CURIAM. In this case, we confront the question of whether a circuit court has subject matter jurisdiction to entertain a third-party complaint against the State of Michigan. Principal plaintiff, Margaret Williams, filed a complaint in Wayne County Circuit Court against Detroit General Hospital and Dr. H. Shin, alleging that Dr. Shin was an agent, servant, or employee of Detroit General Hospital and that he was negligent in performing

* Circuit judge, sitting on the Court of Appeals by assignment.

a psychiatric evaluation on plaintiff's decedent.[1] Detroit General Hospital filed a motion for leave to add, as third-party defendants, the State of Michigan and Northville Regional Psychiatric Hospital, which is a mental facility operated by the Michigan Department of Mental Health. The motion alleged that Dr. Shin was not an agent, employee, or servant of Detroit General Hospital but that he was a staff member of Northville Regional Psychiatric Hospital. After the motion for leave to add third-party defendants was granted, third-party defendants (hereinafter referred to as "the state") filed a motion for accelerated and summary judgment. The trial court granted the state's motion for accelerated judgment on the ground that the circuit court lacked jurisdiction over the subject matter since the Court of Claims is vested with exclusive jurisdiction over claims made against the State of Michigan. Third-party plaintiff, Detroit General Hosptial, appeals as of right.

The statute which gives the Court of Claims exclusive jurisdiction over claims made against the State of Michigan is MCL 600.6419; MSA 27A.6419. It provides in pertinent part:

"SEC. 6419. (1) Except as provided in section 6440, the jurisdiction of the court of claims as conferred upon it by this chapter over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies, *shall be exclusive.* * * * The Court has power and jurisdiction:

"(a) To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments,

---

[1] The principal plaintiff, Williams, also had commenced an independent action against the State of Michigan in the Court of Claims. Detroit General Hospital was not named as a defendant. Plaintiff's action in the Court of Claims was dismissed pursuant to a summary judgment.

commissions, boards, institutions, arms or agencies."
(Emphasis added.)

This section should be juxtaposed with MCL
600.605; MSA 27A.605, which outlines the jurisdiction of the circuit court as follows:

"Circuit courts have original jurisdiction to hear and
determine all civil claims and remedies, except where
exclusive jurisdiction is given in the constitution or by
statute to some other court or where the circuit courts
are denied jurisdiction by the constitution or statutes of
this state."

Michigan appellate courts have consistently interpreted § 6419 to mean that the Court of Claims
has exclusive jurisdiction over suits against public
officials acting in their official capacity as well as
suits against state agencies or departments. *Grunow v Sanders,* 84 Mich App 578; 269 NW2d 683
(1978), *lv den* 405 Mich 835 (1979), *Paquin v
Northern Michigan University,* 79 Mich App 605;
262 NW2d 672 (1977), *Roberts v State of Michigan,*
45 Mich App 252; 206 NW2d 466 (1973). We find
no reason to depart from this interpretation where
a third-party claim against the state is involved. In
construing § 6419, traditional rules of construction
will govern. Thus, if the statute is unambiguous on
its face, we will avoid further interpretation or
construction of its terms. *Charter Twp of Pittsfield
v City of Saline,* 103 Mich App 99, 104; 302 NW2d
608 (1981). The language of § 6419 is unambiguous
in its provision that the jurisdiction of the Court of
Claims over claims against the state "shall be
exclusive" and that this jurisdiction includes "all
claims and demands" against the state. This language clearly is broad enough to include third-party claims.

Third-party plaintiff, Detroit General Hospital, does not offer any authority to support its proposition that the plain language of § 6419 should not be applied. Rather, Detroit General attempts to analogize this case to cases interpreting the exclusive-remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), which have allowed an indemnity action where an injured employee has sued a principal defendant and the principal defendant has impleaded an employer. See, *e.g., Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972). The exclusive-remedy provision of the workers' compensation act, MCL 418.131; MSA 17.237(131), provides that the right to recovery of compensation benefits "shall be the employee's exclusive remedy against the employer". In *Whiteman, supra,* the Court held that this provision does not bar a third-party indemnity claim against a principal plaintiff's employer so long as the basis of liability between the third-party defendant-employer and the third-party plaintiff is not derivative from the principal plaintiff's claim.

The rationale behind this exception to the exclusive-remedy provision is not applicable to either the circumstances or the statute involved in the case at bar. First, we are not dealing with the common-law right of indemnity that was involved in *Whiteman, supra.* There was not the sort of special relationship, such as employment or bailment, between Detroit General and the state which would support an indemnity claim. See, *Diekevers v SCM Corp,* 73 Mich App 78, 81; 250 NW2d 548 (1976). Further, an implied contract of indemnity arises in favor of a person who "without any fault on his part is exposed to liability and compelled to pay damages on account of the negli-

gence or tortious act of another * * *". 42 CJS,
§ 21, p 596, *Whiteman, supra,* 705. Detroit General
Hospital did not stand to be held vicariously liable
to principal plaintiff because of the active negli-
gence of the state. If Detroit General were to face
liability, it would be through the negligent acts of
Dr. Shin. Rather, the essence of Detroit General's
claim was that the wrong party was being held
vicariously liable for Dr. Shin's alleged negligent
acts because Dr. Shin was not even Detroit Gener-
al's employee but was an employee of the state.

More importantly, there is a significant differ-
ence between applying an exclusive-remedy provi-
sion and determining whether exclusive jurisdic-
tion is applicable. To apply the unambiguous lan-
guage of § 6419 is not absolutely to preclude an
aggrieved party of a remedy. Rather, it is merely
to require the party to pursue its legal rights in
the forum specifically provided by the Legislature,
*i.e.,* the Court of Claims.

Detroit General Hospital also argues that the
circuit court had jurisdiction to hear its claim
against the state pursuant to MCL 600.6421; MSA
27A.6421, which provides as follows:

> "Cases in the court of claims may be joined for trial
> with cases arising out of the same transaction or series
> of transactions which are pending in any of the various
> circuits of the state. A case in the court of claims shall
> be tried and determined by the judge even though the
> circuit court action with which it may be joined is tried
> to a jury under the supervision of the same circuit
> judge."

The fact that actions initially filed in the Court of
Claims can be transferred thereafter to the circuit
court does not indicate that the circuit court may
exercise original subject matter jurisdiction over

those claims. It has been held that when a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void. *Fox v Board of Regents of the University of Michigan,* 375 Mich 238, 242; 134 NW2d 146 (1965). Thus, any action taken with respect to Detroit General Hospital's claim against the state in circuit court where the circuit court did not have subject matter jurisdiction would have been void.

The other issues raised by Detroit General were not addressed by the lower court and therefore are not reviewable on appeal. Furthermore, our disposition of the above issue makes resolution of other issues unnecessary.

Affirmed.