## TOMCHAK *v*. HANDRICKS.

### SAYLES *v*. SAME.

1. TENANCY IN COMMON—MARRIAGE TO COTENANT.

    A man who marries 1 of several cotenants of real property does not, by such marriage, become a cotenant.

2. SAME—PARTNERSHIP OF COTENANT AND HUSBAND.

    A partnership was not a cotenant of premises, where the partnership consisted of a husband and wife who operated a tavern business on premises owned as cotenants by her and her daughters by a previous marriage.

3. SAME—COTENANT AS GUARDIAN OF MINOR COTENANTS—LIABILITY FOR RENT.

    A mother, who with her minor daughters were cotenant owners of premises on which was operated a tavern business by the mother and her second husband as a partnership, was an exception, as guardian of her daughters, to the rule that 1 cotenant, in possession of premises owned by them, cannot be held liable to the other cotenant for rent.

4. GUARDIAN AND WARD—FIDUCIARY.

    The guardian of a ward occupies a fiduciary relationship to the ward.

5. ACCOUNTING—PLEADING—EVIDENCE.

    Husband's claim, as appellant of himself and former wife, defendants in suit for accounting brought by daughters of the wife by a former husband, cotenants with the wife owning the premises on which the husband and wife had conducted a tavern business, that there should be allowed a credit to him for funds expended by himself and wife, during their marriage

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Cotenancy §§ 11, 20.

[2] 14 Am Jur, Cotenancy § 3.

[3, 5] 14 Am Jur, Cotenancy § 33.

Accountability of cotenants for rents and profits or use and occupation.  51 ALR2d 388.

[4] 25 Am Jur, Guardian and Ward § 205 *et seq.*

and living together as a family with plaintiffs, for the latter's support and education is disallowed, where he had filed no cross-bill, sought no such relief in his answers to plaintiffs' bills of complaint, and offered no proofs concerning such expenditure.

Appeal from Calhoun; Coleman (Creighton R.), J. Submitted March 6, 1963. (Calendar Nos. 75, 76, Docket Nos. 49,898, 49,899.) Decided May 9, 1963.

Bill by Elaine Tomchak against Catherine Tomchak Handricks and John Handricks to determine fair rental value of cotenancy property, for accounting and injunctive relief. Similar action by Elizabeth Sayles. Causes consolidated on trial and for appeal. Decree for plaintiffs. Defendant John Handricks appeals. Affirmed.

*Hatch & Sculthorp*, for plaintiffs.

*James R. Golden* and *Noble O. Moore*, for defendant John Handricks.

DETHMERS, J. The cases of the 2 plaintiffs were combined for trial and appeal here. They are daughters of defendant Catherine. Her first husband, plaintiffs' father, died leaving a business property used as a tavern for the sale of liquor. He left a 2/9 interest in the real estate to each of his 2 minor daughters, respectively, the plaintiffs herein, and a 5/9 interest to their mother, defendant Catherine.

While plaintiffs were still minors their mother married defendant John Handricks. For years thereafter the 4 parties lived together as 1 family. Plaintiffs were supported and educated out of funds the defendants made in the tavern, which the court found was jointly operated by defendants as a partnership, in the building in question. Catherine was

the duly appointed guardian of the then minor plaintiffs. She did not inventory their real-estate interests in the guardianship proceedings. No rent was paid by defendants or the partnership for use of the building.

Ultimately a divorce occurred between defendants. Plaintiffs then brought these suits for an accounting, injunctive relief and for a decree for their respective 2/9 share, each, in the fair rental value of the property during the period defendants operated the tavern therein. From decree for plaintiffs, defendant John Handricks appeals.

Appellant's first contention is that he was not liable to plaintiffs for rent because each cotenant is entitled to occupy and use the whole estate and 1 cotenant may not recover rent from the other for use of the premises in the absence of an express agreement to pay it. Cited for this are *Everts v. Beach,* 31 Mich 136 (18 Am Rep 169) ; *Wilmarth v. Palmer,* 34 Mich 347; *Owings v. Owings,* 150 Mich 609; and *Zwergel v. Zwergel,* 224 Mich 31. Appellant's difficulty in this connection is that there is nothing to show that he was a cotenant or had any such interest in the real estate. His marriage to 1 of the cotenants did not make him one. Furthermore, the evidence supports the court's finding that the business was operated by the 2 defendants as a copartnership. The copartnership was not a cotenant with plaintiffs. The mother was their cotenant, but she has taken no appeal. Furthermore, as guardian of her daughters she bore a fiduciary relationship to them, which could give rise to an exception to the rule that 1 cotenant, in possession of the premises owned by them, cannot be held liable to the other cotenant for rent. See annotation in 51 ALR2d 388, in which, at page 440, it is said:

"Evidently a cotenant who is in charge of the premises in a fiduciary capacity may become liable for rental value."

Appellant claims error in the trial court's failure, in determining rent due from him to plaintiffs, to credit him for funds expended by defendants, during their marriage and living together as a family with plaintiffs, for the support and education of plaintiffs. Appellant filed no cross-bills and sought no such relief in his answers to plaintiffs' bills of complaint. At trial he offered no proofs concerning such expenditure. He cannot now claim error in that respect.

Affirmed. Costs to plaintiffs.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.