## DARIN & ARMSTRONG v BEN AGREE COMPANY

Docket No. 78-160. Submitted November 14, 1978, at Detroit.—Decided January 16, 1979. Leave to appeal applied for.

Ellis Funk, an employee of Ben Agree Company, was injured on the job when he fell through a hole in the roof. Ben Agree paid Funk worker's compensation benefits and then brought suit against Darin & Armstrong, Inc., the general contractor, and General Motors Corporation, the owner. Judgment for plaintiff. The Supreme Court affirmed as to Darin & Armstrong but reversed as to General Motors on the basis of instructional error, *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974). No new trial was held because Darin & Armstrong satisfied the entire judgment.

Darin & Armstrong then brought an action against Ben Agree in Genesee Circuit Court, seeking contractual and common-law indemnity. Summary judgment for defendant Ben Agree, Ollie B. Bivins, Jr., J. The court's opinion stated that since Darin & Armstrong had been found guilty of negligence in the *Funk* case, it was not entitled to common-law indemnity.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indemnity § 24.
    57 Am Jur 2d, Negligence §§ 4, 11.
[2] 41 Am Jur 2d, Indemnity § 28.
[3] 53 Am Jur 2d, Master and Servant §§ 142, 159.
[4] 46 Am Jur 2d, Judgments § 397.
[5] 46 Am Jur 2d, Judgments §§ 397, 521.
    Mutuality of estoppel as prerequisite of availability of doctrine of collateral estoppel to a stranger to the judgment. 31 ALR3d 1044.
[6] 46 Am Jur 2d, Judgments §§ 522, 523, 564.
    Judgment obtained by third person against indemnitee as conclusive against the latter, irrespective of its conclusiveness against indemnitor, in indemnitee's action against indemnitor for amount paid in satisfaction of judgment. 24 ALR2d 329.
[7] 46 Am Jur 2d, Judgments §§ 397, 564.
[8] 41 Am Jur 2d, Indemnity § 15.
[9] 41 Am Jur 2d, Indemnity §§ 9, 10.
[10] 41 Am Jur 2d, Indemnity §§ 3, 16.
[11] 5 Am Jur 2d, Appeal and Error § 546.
    46 Am Jur 2d, Judgments § 463.

The contractual indemnity theory was also rejected on the ground that an indemnity provision in the contract did not specifically provide for indemnity of Darin & Armstrong against its own negligence. Plaintiff appeals. *Held:*

1. A plaintiff must be free from fault in an action for indemnity. An indemnity action cannot be maintained where the fact of personal negligence was actually litigated in an earlier full trial on the merits *(Funk),* and was a fact fatal to recovery in Darin & Armstrong's subsequent action against the Ben Agree Company.

2. The defense of collateral estoppel is inapplicable in an action for indemnity where judgment in an earlier action rested upon personal negligence, a fact fatal to recovery, because this situation is subject to a well-recognized exception to the requirement that collateral estoppel does not apply unless the estoppel is mutual.

3. The indemnity provision in the contract, drafted by Darin & Armstrong, could not be construed to provide an indemnity against its own negligence.

4. An indemnity provision in the agreement between Darin & Armstrong and Agree which would provide for indemnification of Darin & Armstrong against damages for injury or property damage due to the sole negligence of Darin & Armstrong would be against public policy and void and unenforceable.

5. Where Darin & Armstrong was found guilty of negligence in the prior action *(Funk),* a subsequent action for indemnification is improper because this would be akin to contribution, which is forbidden by Michigan courts where worker's compensation is involved.

Affirmed.

1. INDEMNITY — TORTS — MASTER AND SERVANT — FREEDOM FROM FAULT — ACTIVE OR CAUSAL NEGLIGENCE.

A general contractor seeking common-law indemnity from a subcontractor after the payment of a judgment for injuries sustained by an employee of the subcontractor, where the subcontractor was not a party to the action or judgment, must be free from personal fault; the general contractor, as plaintiff in the indemnity action against the subcontractor, is required to plead and prove freedom from active or causal negligence on its part.

2. INDEMNITY — TORTS — MASTER AND SERVANT — PREVENTIVE MEASURES.

Generally, the party best suited to adopt preventive measures

and thereby reduce the likelihood of injury should be liable in an action for indemnity.

3. MASTER AND SERVANT — GENERAL CONTRACTORS — SAFETY PRE-CAUTIONS — AVOIDABLE DANGERS — PREVENTION OF INJURY.

It is part of the business of a general contractor to assure that reasonable steps within its supervisory and coordinating authority are taken to guard against readily observable, avoidable dangers in common work areas which create a high degree of risk to a significant number of workmen.

4. ESTOPPEL — COLLATERAL ESTOPPEL — PRIOR LAWSUIT — RELITIGA-TION OF ISSUES — PARTIES AND PRIVIES.

Collateral estoppel precludes relitigation of issues actually determined in a prior lawsuit between parties or their privies.

5. ESTOPPEL — COLLATERAL ESTOPPEL — PRIOR LAWSUIT — MUTUALITY OF ESTOPPEL — RELITIGATION OF ISSUES — PARTIES AND PRIVIES.

Mutuality of estoppel is for all practical purposes coextensive with the requirement of identity of parties or privity; collateral estoppel, which precludes relitigation of issues actually determined in a prior lawsuit between parties or their privies, will not apply unless the estoppel is mutual.

6. ESTOPPEL — MUTUALITY OF ESTOPPEL — SUBSEQUENT ACTIONS — INDEMNITY — SATISFACTION OF JUDGMENT — FINDINGS OF FACT — FACTS FATAL TO RECOVERY — INDEMNITY ACTION BARRED.

A well-recognized exception to the requirement of mutuality of estoppel in a subsequent action exists in cases involving a relationship such as principal and agent, master and servant, or indemnitor and indemnitee; an indemnitee, in an action to recover from the indemnitor the amounts paid in satisfaction of a judgment obtained against him by an injured person, is bound by all findings without which the judgment could not have been rendered, and if the judgment in the earlier action rested on a fact fatal to recovery in the action over against the indemnitor, the latter action cannot be successfully maintained.

7. ESTOPPEL — COLLATERAL ESTOPPEL — SUBSEQUENT ACTIONS — INDEMNITY — NEGLIGENCE — RECOVERY.

An action for indemnity cannot be successfully maintained where there is an assertion of collateral estoppel defensively by a defendant against the plaintiff who in a previous action was found to be personally negligent, a fact fatal to the plaintiff's recovery, because there was an actual litigation of this issue in a previous full trial on the merits.

8. INDEMNITY — CONTRACTS — CONSTRUCTION OF CONTRACTS — NEGLI-
GENCE — INTENTION OF PARTIES.

Indemnity provisions in a contract should not be construed to
provide indemnity to an indemnitee for its own negligence
unless such intention clearly appears from the language used.

9. INDEMNITY — BUILDING CONSTRUCTION AGREEMENTS — NEGLI-
GENCE — INDEMNIFICATION CLAUSES — PUBLIC POLICY — STAT-
UTES.

Building construction agreements purporting to indemnify the
promisee against liability for damages arising out of bodily
injury to persons or damage to property caused by or resulting
from the sole negligence of the promisee or indemnitee, his
agents or employees, are against public policy and are void and
unenforceable (MCL 691.991; MSA 26.1146[1]).

10. INDEMNITY — CONCURRENT NEGLIGENCE — CONTRIBUTION —
WORKMEN'S COMPENSATION — EXCLUSIVE REMEDY.

Indemnity provisions in a contract between a general contractor
and a subcontractor cannot be utilized for indemnification of
the general contractor for damages for injuries to the subcon-
tractor's employees who were injured in the course of employ-
ment where the general contractor was guilty of concurrent
negligence because this would be akin to contribution which is
forbidden by Michigan courts where worker's compensation is
involved.

11. APPEAL AND ERROR — COMPLAINTS — NEW THEORIES ON APPEAL
— COURT RULES.

A court rule requires that a complaint set forth a demand for
judgment for the relief that the pleader seeks and the com-
plainant may not shift ground on appeal and come up with new
theories after being unsuccessful on those presented in the trial
courts (GCR 1963, 111.1[3]).

*Joselyn, Rowe, Jamieson & Grinnan, P.C.* (by
*Christopher L. Terry),* for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *John A.
Kruse* and *Michael F. Schmidt),* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN
and BASHARA, JJ.

N. J. KAUFMAN, P.J. On February 27, 1967, Ellis Funk, an employee of Ben Agree Co., a plumbing subcontractor, was injured on the job when he fell through a hole in the roof. Funk recovered workers' compensation benefits from Ben Agree, and then brought suit against Darin & Armstrong, Inc., the general contractor, and General Motors Corporation, the owner. Darin & Armstrong notified Ben Agree of this action and requested that Agree take over the defense. Agree refused to do so. A jury trial was then held, and a verdict was returned against General Motors Corporation and Darin & Armstrong. The Supreme Court affirmed as to Darin & Armstrong, but reversed on the basis of an instructional error as to General Motors Corporation. *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974). No new trial was held because Darin & Armstrong satisfied the entire judgment.

Darin & Armstrong then brought the present action on March 24, 1976, seeking contractual and common-law indemnity from Ben Agree. In an order issued December 20, 1977, the trial court granted summary judgment to Ben Agree. GCR 1963, 117.2(1). The court's opinion stated that since Darin & Armstrong had been found guilty of negligence in the *Funk v General Motors Corp* action, it was not entitled to common-law indemnity. The contractual indemnity theory was also rejected, because the court found that the provision in question did not provide specific indemnity of Darin & Armstrong against its own negligence. Darin & Armstrong now appeals as of right, challenging both of these determinations and also contending that its complaint stated a cause of action for Agree's breach of warranties to perform the work in a safe and workmanlike manner.

First, as to common-law indemnity, the party seeking such indemnity must be free from personal fault, *i.e.,* free from active or causal negligence. *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965), *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976). Liability should fall upon the party best situated to adopt preventive measures. *Dale v Whiteman,* 388 Mich 698, 706; 202 NW2d 797 (1972), *Minster, supra,* at 62.

In the original lawsuit by Funk, Darin & Armstrong was found personally, actively negligent. In upholding the jury verdict, the Court stated at 104:

"We regard it to be part of the business of a general contractor to assure that reasonable steps within its supervisory and coordinating authority are taken to guard against readily observable, avoidable dangers in common work areas which create a high degree of risk to a significant number of workmen."

The above statement followed a discussion of the necessity to place "ultimate responsibility" on the general contractor for job safety, the recognition that as a practical matter, often only the general contractor is in a position to provide safety features, and finally, the facts shown in the jury trial: That Darin & Armstrong's project superintendent made repeated tours of the job site throughout each day, a job site where the complete absence of safety equipment for people working 30 feet above ground was "obvious to even the most casual observer". *Funk, supra,* at 103. This is not "passive negligence". See *Moore v Lewis Manufacturing Co,* 406 F Supp 1225, 1227 (ED Mich, 1976). To allow indemnification on these facts would be to defeat the Supreme Court's intention in *Funk.*

However, that does not end the inquiry. Since Ben Agree was not a party to the Funk lawsuit, yet seeks to apply the *Funk* ruling to the present case, there is a substantial question as to whether the rule of mutuality of estoppel will allow Agree to do so.

Collateral estoppel precludes relitigation of issues actually determined in a prior lawsuit between parties or their privies. *Senior Accountants, Analysts & Appraisers Association v Detroit,* 399 Mich 449, 458; 249 NW2d 121 (1976). But collateral estoppel does not apply unless the estoppel is mutual. *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971). Mutuality of estoppel is for all practical purposes coextensive with the requirement of identity of parties or privity. *Braxton v Litchalk,* 55 Mich App 708, 721; 223 NW2d 316 (1974).

As noted in *Braxton,* and also in *DePolo v Greig,* 338 Mich 703; 62 NW2d 441 (1954), well-recognized exceptions to the mutuality rule exist where there is a relationship of principal and agent, master and servant, or indemnitor and indemnitee. These exceptions are confined to the defensive assertion of collateral estoppel. *Howell, supra* at 46-47, fn 7. The rule with respect to indemnity was stated as follows in Anno: *Judgment obtained by third person against indemnitee as conclusive against the latter, irrespective of its conclusiveness against indemnitor, in indemnitee's action against indemnitor for amount paid in satisfaction of judgment,* 24 ALR2d 329, 330:

"Irrespective of whether a judgment obtained by an injured person against an indemnitee is conclusive upon the indemnitor under the general rules governing the conclusiveness of judgments, the authorities which have considered the subject of this annotation as a distinct

question hold * * * that an indemnitee, in his action to recover from the indemnitor the amounts paid in satisfaction of a judgment obtained against him by an injured person, is bound by all findings without which the judgment could not have been rendered, and that, if the judgment in the earlier action rested on a fact fatal to recovery in the action over against the indemnitor, the latter action cannot be successfully maintained."

Accord, 46 Am Jur 2d, Judgments, § 564, pp 725-726; Restatement Judgments, § 107, p 511.

In the case at bar, Darin & Armstrong's *claim* is one for indemnification, and Ben Agree seeks to assert collateral estoppel defensively. The judgment against Darin & Armstrong in the prior action rested on a fact fatal to Darin & Armstrong's recovery here, namely, Darin & Armstrong's personal negligence. This issue has been "actually litigated" by Darin & Armstrong in a full trial on the merits. In addition, Darin & Armstrong notified Ben Agree of that action and requested Agree to take over the defense.[1] In this factual situation the court correctly dismissed the action for indemnity. *Builders Supply Co v P J McCabe,* 366 Pa 322; 77 A2d 368; 24 ALR2d 319 (1951). We do not see the Supreme Court's opinion in *Howell, supra,* as forbidding such a result.

Next, Darin & Armstrong argues that the following provision in its contract with Ben Agree allows indemnification:

"You agree to protect, defend, indemnify and hold harmless Darin & Armstrong, Inc., from all liabilities, claims or demands for injury or damage to any person or property arising out of or occurring in connection with the performance of this order."

---

[1] The proper course of action would have been for Darin & Armstrong to file a third-party complaint against Ben Agree in the original lawsuit. *See Dale v Whiteman, supra.*

This provision, drafted by Darin & Armstrong, cannot be construed to indemnify Darin & Armstrong against its own negligence, because such an intention does not clearly appear from the language used, and Darin & Armstrong has not pointed to any surrounding circumstances which would support such a construction. *Meadows v Depco Equipment Co,* 4 Mich App 370, 375-376; 144 NW2d 844 (1966), *Fireman's Fund American Insurance Companies v General Electric Co,* 74 Mich App 318, 323-326; 253 NW2d 748 (1977)..

Even if the contractual provision could be read, in light of surrounding circumstances, as indemnifying Darin & Armstrong against its own negligence, the provision would be void as against public policy. MCL 691.991; MSA 26.1146(1); *Ford v Clark Equipment Co,* 87 Mich App 270; 274 NW2d 33 (1978). Nor could the provision be utilized to indemnify Darin & Armstrong for its concurrent negligence; this would be akin to contribution, which is forbidden by Michigan courts where workers' compensation is involved. *Husted, supra; Minster, supra; Jordan v Solventol Chemical Products, Inc,* 74 Mich App 113; 253 NW2d 676 (1977).

Finally, Darin & Armstrong contends that it "has pleaded a valid claim for contractual damages in the form of indemnification for Agree's breach of its express and implied warranties that the plumbing work would be performed in a safe and workmanlike manner". It is unclear whether Darin & Armstrong is seeking indemnification or contract damages. If it is seeking indemnification, its claim must fail for the reasons outlined above. If it is seeking damages[2], we must hold that such a claim was insufficiently pled.

[2] *See Nash v Sears, Roebuck & Co,* 383 Mich 136; 174 NW2d 818 (1970).

GCR 1963, 111.1(3) requires a complaint to set forth "a demand for judgment for the relief that the pleader seeks". Darin & Armstrong's complaint did not ask for breach of contract damages; it was framed solely on issues of indemnification. Moreover, Darin & Armstrong failed to mention breach of warranties in its briefs to the trial court, and the trial court did not address this theory of recovery in its opinion. As stated in *Three Lakes Ass'n v Whiting,* 75 Mich App 564, 581; 255 NW2d 686 (1977):

"This, however, was not the argument presented to the trial court. Plaintiff may not shift ground on appeal and come up with new theories here after being unsuccessful on the one presented in the trial Court. *Thompson v Ecorse,* 7 Mich App 492; 152 NW2d 51 (1967), *Rinaldi v Livonia,* 69 Mich App 58, 64; 244 NW2d 609 (1976)."

The judgment of the trial court is affirmed. Costs to appellee.