AMERICAN EMPIRE INSURANCE COMPANY v KOENIG FUEL & SUPPLY COMPANY

Docket No. 78-4829. Submitted June 4, 1981, at Detroit.—Decided February 19, 1982.

General Motors Corporation entered into a contract with Koenig Fuel & Supply Company whereby Koenig would temporarily store 10,000 tons of coal for later delivery to General Motors. While in storage at Koenig, the coal apparently was damaged by fire. American Empire Insurance Company as subrogee of General Motors commenced an action in Wayne Circuit Court alleging that Koenig had breached its duty as a warehouseman/bailee and had negligently allowed the coal to suffer fire damage. Defendant moved for summary judgment on the basis that there was no issue as to any genuine material fact in that the letter which formed the basis for the contract contained a disclaimer that Koenig would "not be responsible for loss due to fire or theft". John D. O'Hair, J., granted the motion for summary judgment. *Held:*

Since the motion for summary judgment was not accompanied by an affidavit as required by the court rules, the motion should not have been granted. Further, since the disclaimer language did not specifically indicate that defendant was disclaiming liability for its own negligence, the language was insufficient to disclaim liability for its own negligence.

Reversed and remanded.

1. Motions and Orders — Summary Judgment — Court Rules.

A motion for summary judgment on the basis that no genuine issue as to any material fact exists must be accompanied by an affidavit or affidavits (GCR 1963, 117.2[3], 117.3).

2. Contracts — Disclaimers — Indemnity — Judicial Construction.

A disclaimer is similar to an indemnity clause in that both

References for Points in Headnotes

[1] 73 Am Jur 2d, Summary Judgment § 18.
[2-4] 17 Am Jur 2d, Contracts § 188.
[3] 17 Am Jur 2d, Contracts § 257.

devices typically involve an attempt by a party to a contract to avoid liability for its own negligence; accordingly, the same approach should be used in interpreting both types of clauses.

3. INDEMNITY — CONTRACTS — JUDICIAL CONSTRUCTION.

A contract provision purporting to indemnify a party against the consequences of his own negligence is to be strictly construed against the drafting party and the indemnitee.

4. CONTRACTS — DISCLAIMERS.

A disclaimer of liability for one's own negligence must be a clear and unequivocal expression of such an intent.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Ilene Gorden),* for plaintiff.

*Coticchio, Zotter & Sullivan, P.C.* (by *Morris Friedman),* for defendant.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Plaintiff appeals as of right an order of the circuit court granting defendant's motion for summary judgment.

This dispute arose out of a contract between defendant and plaintiff's subrogor, General Motors Corporation. General Motors contracted with defendant for the temporary storage and subsequent delivery of 10,000 tons of coal to General Motors. Defendant took delivery of the coal and held it in storage. Sometime in January or February of 1975, the coal apparently suffered fire damage; plaintiff alleges that the fire damage occurred as a result of defendant's negligent storage of the coal.

Plaintiff commenced the present action on November 3, 1976, alleging that (1) defendant had breached its duties as warehouseman/bailee and (2) defendant had negligently allowed the coal to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

suffer fire damage. Defendant filed a motion for summary judgment, contending that recovery was barred by a clause in the contract providing that defendant would "not be responsible for loss due to fire or theft". No affidavit accompanied the motion. The circuit court granted the motion; plaintiff appeals. We reverse.

Defendant moved for summary judgment pursuant to GCR 1963, 117.2(3). GCR 1963, 117.3 provides in part:

".3 Motion and Proceedings Thereon. A motion based upon sub-rule 117.2(3) shall be supported by affidavits, and the opposing party prior to the day of hearing may serve opposing affidavits."

Since defendant failed to accompany its motion with a supporting affidavit, reversal is required under *DeMare Brothers Construction Co, Inc v Teska,* 49 Mich App 642; 212 NW2d 602 (1973), and *Ewing v Alexander,* 93 Mich App 179; 285 NW2d 808 (1979).

In our opinion, such an affidavit would have served no purpose in the instant case. However, we decline to rest our decision on that basis alone, since we believe that the trial court erred in ruling that defendant had effectively disclaimed liability for its own negligence.

The disclaimer, which consisted of the words "[w]e will not be responsible for loss due to fire or theft", was contained in a letter from defendant to plaintiff. The parties disagree on the scope of this language.

A disclaimer is similar to an indemnity clause in that both devices typically involve an attempt by a party to a contract to avoid liability for its own negligence. Consequently, it is logical to apply the

same approach to the interpretation of both types of clauses.

Provisions of an indemnity contract purporting to indemnify a party against the consequences of its own negligence must be strictly construed against the drafting party and the indemnitee. See, *e.g., Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318, 324; 253 NW2d 748 (1977). Applying this analysis to defendant's disclaimer, we find it insufficiently specific. In order for a party to disclaim liability for its own negligence, the contract must contain a clear and unequivocal expression of such an intent. We find no such expression in the case at bar. We construe the critical language to mean that defendant was not to be liable for loss due to fire or theft unless the loss occurred as a result of defendant's negligence.

*Darin & Armstrong, Inc v Ben Agree Co,* 88 Mich App 128, 135; 276 NW2d 869 (1979), provides strong support for our resolution of this case. *Darin & Armstrong* involved interpretation of the following clause:

"You agree to protect, defend, indemnify and hold harmless Darin & Armstrong, Inc., from all liabilities, claims or demands for injury or damage to any person or property arising out of or occurring in connection with the performance of this order."

The Court found this clause insufficiently specific to shield Darin & Armstrong from liability arising out of its own negligence.

Defendant is quite capable of disclaiming liability for its own negligence; however, it has not done so in the case before us.

Reversed and remanded for further proceedings in accordance with this opinion. Appellant may tax costs. We do not retain jurisdiction.