ESTATE OF DOYLE v DOYLE

JACKSON v DOYLE

Docket Nos. 100229, 100230. Submitted December 13, 1988, at Detroit.
Decided February 1, 1989. Leave to appeal applied for.

Merle Doyle was the mother of Virginia Doyle Jackson and
James L. Doyle. Merle and Virginia brought an action in the
Macomb Circuit Court against James alleging that he unduly
influenced Merle and, thereby, obtained real property and
money from oil and gas leases. The trial court, Kenneth N.
Sanborn, J., then granted Merle's motion to be dismissed as a
party. Jean Doyle, James' wife, was then added as a defendant.
Merle then died and her estate was added as a plaintiff to
Virginia's suit by order of the court. The estate filed its com-
plaint against the defendants but the complaint was dismissed
by the clerk's office because the summons had expired. The
estate then brought a separate suit against the defendants in
the same court. The court in the first suit then denied Virgin-
ia's motion to consolidate the two cases. Following a jury trial
in the first suit, in which the jury determined that James had
breached his fiduciary relationship with Merle, the trial court
declared certain deeds null and void and ordered James to
return certain real and personal property to the estate. Defen-
dants appealed therefrom, Court of Appeals Docket No. 100230.
The estate moved for summary disposition in its separate suit
and the trial court, Kenneth N. Sanborn, J., granted the
estate's motion, finding that collateral estoppel applied. Defen-
dants appealed therefrom, Court of Appeals Docket No. 100229.
The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. Virginia did not lack standing to bring her suit.

2. The trial court did not err in denying defendants' motions

REFERENCES

Am Jur 2d, Actions §§ 46 *et seq.*; Appeal and Error § 700; Judg-
ments §§ 518 *et seq.*

See the Index to Annotations under Identity of Actions, Parties, or
Issues; Parties.

to modify the judgment by ordering an equitable accounting or for a mistrial.

3. The trial court did not improperly apply collateral estoppel.

Affirmed.

1. ACTIONS — INTERFERENCE WITH EXPECTED INHERITANCE.

A plaintiff has standing to bring an action based on the defendant's interference with the plaintiff's expected inheritance or gift.

2. APPEAL — PRESERVING QUESTION.

A statement of position without supporting citation is insufficient to bring an issue before the Court of Appeals.

3. ACTIONS — COLLATERAL ESTOPPEL — PARTIES.

Collateral estoppel does not require that the parties to the suits be identical.

*George E. Michaels, P.C.* (by *George E. Michaels*), and *Jerald R. Lovell,* of Counsel, for the estate of Merle A. Doyle, deceased, and Virginia Jackson.

*Robert J. McClear,* and *McKay, Murphy, Brenton & Spagnuolo, P.C.* (by *Frederick J. Griffith*), of Counsel, for defendants.

Before: BEASLEY, P.J., and GILLIS and J. T. HAMMOND,* JJ.

PER CURIAM. In Docket No. 100230, defendants appeal as of right from the trial court's judgment declaring void certain deeds and ordering certain funds returned to the estate of Merle Doyle, deceased. In Docket No. 100229, defendants appeal as of right from the trial court's judgment in favor of the Doyle estate, finding that collateral estoppel applied. We affirm.

Merle Doyle was the mother of Virginia Doyle Jackson and James L. Doyle. On October 1, 1979,

* Circuit judge, sitting on the Court of Appeals by assignment.

Merle Doyle and Virginia Jackson sued James Doyle, alleging that he had unduly influenced Merle and, thereby, obtained real property and money from oil and gas leases. On October 29, 1979, James filed a motion to dismiss, claiming that Merle did not wish to pursue the suit and that, therefore, Virginia had failed to state a cause of action. On March 3, 1982, the circuit court granted Merle's motion to be dismissed as a party. Jean Doyle, James' wife, was subsequently added as a defendant.

On July 24, 1983, Merle died. Her estate was added as a plaintiff to Virginia's suit by an order filed September 17, 1984. On that same date, the estate filed its complaint against defendants. Subsequently, that complaint was dismissed by the clerk's office because the summons had expired. MCR 2.102(E) and 2.504(E). The estate then filed a separate suit against defendants in the same court. The court in the first suit denied Virginia's motion to consolidate the two cases.

Virginia's case was tried. Virginia's witnesses testified that Merle had intended to divide proceeds from oil and gas rights in certain property equally between herself, Virginia, and James and that Merle had intended her estate, including real property, to be divided equally between Virginia and James. James' witnesses testified that Merle had intended to give the property with the oil and gas rights to James. They further testified that, while Merle Doyle's home was originally supposed to go to Virginia, Virginia had declined to take the property and, therefore, Merle had deeded it to James and herself with rights of survivorship. The jury found that James had breached his fiduciary relationship with Merle. The trial court declared the deeds null and void and ordered James Doyle

to return the real and personal property obtained in breach of his duty to the estate.

Thereafter, the estate moved for summary disposition in its separate suit, alleging that collateral estoppel applied. On October 30, 1986, the circuit court granted the estate's motion.

In Docket No. 100230, defendants first claim that Virginia lacked standing to bring her suit. We disagree. See *Harmon v Harmon,* 404 A2d 1020 (Me, 1979). 4 Restatement Torts, 2d, § 774B, p 58. Anno: *Liability in damages for interference with expected inheritance or gift,* 22 ALR4th 1229.

Defendants next claim that the circuit court erred when it failed to order an accounting to determine the amount they spent to maintain the real property and Merle Doyle. Defendants claim that they are entitled to a setoff for such expenses as a condition precedent to the rescission remedy awarded. Defendants cite no direct authority for this proposition and merely rely upon the equitable principle that those seeking equity must be prepared to do equity. The trial court denied defendants' motion to modify the judgment by ordering an equitable accounting, finding that defendants' counsel should have developed this matter before trial. We agree. See, e.g., *Tomchak v Handricks,* 370 Mich 143, 146; 121 NW2d 409 (1963).

Defendants also contend that the trial court abused its discretion when it denied their motion for a mistrial. Virginia's attorney asked James: "Did you not, after Virginia Jackson sought the advice of Joseph Impastato [an attorney], offer her the Lexington house if she would butt out?" Virginia's counsel immediately withdrew the question. Defense counsel moved for a mistrial. Counsel approached the bench. Thereafter, the trial court instructed the jury:

[T]estimony as to any compromises between the parties are [sic] inadmissible and the jury is to disregard the same. Disregard the question.

See MRE 408.

We note that the following unobjected-to testimony was offered:

*Q.* [*Virginia's counsel*]: Did he [James] make any statement to you about what you should do in this regard [i.e., James' petition for guardianship of Merle], whether you should—what you should do?

*A.* [*Virginia*]: Only that I should keep out of things.

*Q.* What if anything did he tell you would be the consequences if you didn't keep out?

*A.* That I would just get nothing.

*Q.* And where was your mother living at that time?

*A.* On Lexington in Grosse Pointe Farms.

*Q.* Was there anything said during that conversation between you and your brother James Doyle relative to the Lexington property?

*A.* Only to the effect that I would probably end up getting the house.

*Q.* And if you didn't cooperate with him, what would happen?

*A.* I would get nothing.

We further note that the trial court instructed the jury that it was to determine the facts of the case from the evidence received in open court and that that evidence consisted of the witnesses' testimony and exhibits received, not the arguments, statements or remarks of attorneys. Given Virginia's testimony and the trial court's handling of the withdrawn question on the second day of this six-day trial which spanned two weeks, we hold that the trial court did not abuse its discretion when it denied defendants' motion for a mistrial. *Anderson*

v *Harry's Army Surplus, Inc,* 117 Mich App 601, 615-616; 324 NW2d 96 (1982), lv den 417 Mich 1074 (1983).

Defendants next claim that the circuit court improperly ordered James to return real property in which Jean had dower rights and checks upon which she was named without a jury finding that Jean had acted improperly. Defendants cite no authority in support of their position, therefore, it is not preserved for appeal. *Leitch v Switchenko,* 169 Mich App 761, 764; 426 NW2d 804 (1988).

Finally, in Docket No. 100229, defendants raise the issues already disposed of in this opinion and also claim that the circuit court improperly applied collateral estoppel because neither Merle Doyle nor the estate of Merle Doyle remained a party to the suit brought by Virginia. Again, defendants have failed to cite any authority in support of their claim. *Leitch, supra.* In any event, we note that collateral estoppel does not require that the parties to the suits be identical. *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128, 134; 276 NW2d 869 (1979), lv den 406 Mich 1007 (1979).

Affirmed.