*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GRACE BARRETTA-BIONDO and MARIA
BARRETTA-AMATO,

        Plaintiffs-Appellants,

v

MARGARET J. SHELLENBARGER,

        Defendant-Appellee.

UNPUBLISHED
July 28, 2022

No. 356890
Macomb Probate Court
LC No. 2020-235429-CZ

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

Plaintiffs appeal as of right the probate court order granting summary disposition in favor of defendant in this estate dispute. Plaintiffs argue that the probate court erred in granting defendant summary disposition because genuine issues of material fact existed regarding whether plaintiffs have standing and are real parties in interest, and plaintiffs should have been granted leave to amend their complaint to add a claim of intentional interference with an expected inheritance. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from disputes between sisters regarding the estates of their deceased parents. The parties are three of four sisters, daughters of Rosa and Giuseppe Barretta. Plaintiffs believe that starting around the year 2000, defendant "concocted a scheme" to take control of decedents' affairs and turn them against the other sisters. Plaintiffs believed that defendant took decedents to doctor's appointments, did their grocery shopping, signed Giuseppe's name on documents, selected their accountants, drove them to attorney appointments, and handled their banking. Defendant became decedents' power of attorney in 2002. The same year, decedents executed estate planning documents disinheriting plaintiffs and the fourth daughter, leaving their entire estate, valued over $4,900,000, to defendant.

Rosa died on January 14, 2017, and Giuseppe died on June 26, 2017. Plaintiffs filed separate actions in the probate court asserting that decedents died without wills. Defendant objected, asserting that each decedent had a 2002 will pouring over all of their assets into their

-1-

trusts. When defendant petitioned to close the estates and admit the wills to probate, plaintiffs objected, arguing that decedents were subject to coercion and undue influence by defendant. On November 18, 2020, the probate court entered an opinion and order admitting decedents' wills to probate. The probate court found no issue with decedents' testamentary capacity, and concluded that there was no evidence of coercion or undue influence by defendant.

Plaintiffs then filed a separate civil action against defendant in the probate court, alleging breach of fiduciary duty, unjust enrichment, fraudulent transfer, conversion of estate assets and refusal to return assets, common law conversion, and statutory conversion. In response, defendant moved for summary disposition, arguing that the complaint should be dismissed because plaintiffs lacked standing and were not the real parties in interest to bring an action on behalf of the estates because decedents' wills were admitted to probate by final order which disinherited plaintiffs. Plaintiffs did not file a response to this motion, but rather, moved for leave to file an amended complaint to include a count of tortious interference with an expected inheritance. Defendant opposed the motion because the state of Michigan does not recognize this cause of action, and amendment would be futile and barred by res judicata because the probate court already determined on the merits that there was no fraud or undue influence perpetrated upon decedents when the probate court admitted their wills to probate disinheriting plaintiffs.

In a written opinion and order, the probate court determined that plaintiffs had no interest in decedents' assets to impart standing or make them real parties in interest because decedents' wills disinherited plaintiffs. Regarding tortious interference with an expected inheritance, the court cited an unpublished opinion of this Court which assumed without deciding whether the tort existed that the elements include that the defendant must use fraud, duress, or undue influence to interfere with the expected inheritance. Here, the November 18, 2020 probate court order admitting the wills to probate determined that defendant did not use fraud, duress, or undue influence to manipulate decedents' estate planning. As such, assuming arguendo that such a tort exists, amendment would be futile because plaintiffs could not prove this element. Therefore, the court granted defendant summary disposition, and denied plaintiff leave to amend.

II. STANDARD OF REVIEW

This Court reviews a lower court's decision on a motion for summary disposition de novo. *Bailey v Antrim Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357838); slip op at 5. The issue of whether a plaintiff has standing or is a real party in interest is also a question of law reviewed de novo. *Cannon Twp v Rockford Pub Schs*, 311 Mich App 403, 411; 875 NW2d 242 (2015); *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 621; 873 NW2d 783 (2015). Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10). The probate court indicated in its opinion and order that "[m]otions challenging whether a party has the legal capacity to sure are properly filed under MCR 2.116(C)(5), not MCR 2.116(C)(8)." Indeed, summary disposition is proper under MCR 2.116(C)(5) when "[t]he party asserting the claim lacks the legal capacity to sue."

However, the Michigan Supreme Court has provided that " 'the real-party-in-interest [defense] is not the same as the legal-capacity-to-sue defense.' " *Cannon Twp*, 311 Mich App at 410-411, quoting *Leite v Dow Chem Co*, 439 Mich 920, 920; 478 NW2d 892 (1992). "Accordingly, a motion for summary disposition asserting the real-party-in-interest defense more

properly fits within MCR 2.116(C)(8) or MCR 2.116(C)(10), depending on the pleadings or other circumstances of the particular case." *Cannon Twp*, 311 Mich App at 411 (quotation marks and citation omitted). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

"A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Glasker-Davis*, 333 Mich App at 229 (quotation marks and citation omitted). A genuine issue of material fact exists when reasonable minds could differ on an issue. *Cannon Twp*, 311 Mich App at 411.

The lower court's decision on a motion to amend a complaint is reviewed for an abuse of discretion. *Dorman v Clinton Twp*, 269 Mich App 638, 654; 714 NW2d 350 (2006). A lower court abuses its discretion when its decision falls outside the range of principled outcomes. *Taylor v Mobley*, 279 Mich App 309, 315; 760 NW2d 234 (2008).

III. ANALYSIS

The probate court did not err in granting defendant summary disposition or abuse its discretion by denying plaintiffs' motion for leave to amend their complaint.

A. STANDING AND REAL PARTY IN INTEREST

Plaintiffs argue that the probate court erred in granting defendant summary disposition because genuine issues of material fact existed regarding whether defendant coerced or unduly influenced the estate planning decisions of decedents. The probate court granted defendant summary disposition based on the doctrines of standing and real party in interest. The issues of coercion and undue influence were not before the probate court on this motion for summary disposition. As such, we conclude that the probate court properly granted defendant summary disposition because plaintiffs lacked standing and were not the real parties in interest to bring this suit.

"In general, standing requires a party to have a sufficient interest in the outcome of litigation to ensure vigorous advocacy and in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *Pontiac Police & Fire*, 309 Mich App at 621 (quotation marks and citation omitted). A litigant has standing when there is a legal cause of action; however, plaintiffs must assert their own legal rights—they cannot "rest their claims to relief on the rights or interests of third parties." *Id*. at 622.

MCR 2.201(B) provides that "[a]n action must be prosecuted in the name of the real party in interest . . . ." This Court has explained that

[a] real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another. This standing doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy. In addition, the doctrine protects a defendant from multiple lawsuits for the same cause of action. A defendant is not harmed provided the final judgment is a full, final, and conclusive adjudication of the rights in controversy that may be pleaded to bar any further suit instituted by any other party. [*Cannon Twp*, 311 Mich App at 412 (quotation marks and citation omitted).]

The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, governs the creation and administration of trusts in Michigan. Under MCL 700.7201(1), "[a] court of this state may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." For purposes of standing under MCL 700.7201(1), the EPIC defines "interested person" as including, but not limited to

the incumbent fiduciary; an heir, devisee, child, spouse, creditor, and beneficiary and any other person that has a property right in or claim against a trust estate or the estate of a decedent, ward, or protected individual; a person that has priority for appointment as personal representative; and a fiduciary representing an interested person. . . . [MCL 700.1105(c).]

Here, there is no dispute that decedents disinherited plaintiffs and left defendant as the sole beneficiary of their estates. "As a general proposition, disinheritance does not result except by express devise or necessary implication regarding disposition of the property in question." *In re Dodge Testamentary Trust*, 121 Mich App 527, 569; 330 NW2d 72 (1982).[1] Both decedents' last will stated that all of their assets would pour over into their trusts upon their deaths. Defendant was the only named beneficiary of each trust. The probate court previously found that decedents made this decision knowingly and voluntarily, and admitted both wills to probate. "An instrument submitted as a final testament enjoys no legal distinguished from evidentiary worth unless and until it is authenticated by judgment." *In re Powers' Estate*, 362 Mich 222, 229; 106 NW2d 833 (1961) (quotation marks and citation omitted). Therefore, plaintiffs were not "interested persons" as defined by the EPIC because they had no property right to or claim against the trust estate. Therefore, plaintiffs lacked standing and were not the real parties in interest to bring this action. As such, the probate court properly granted defendant summary disposition.

Moreover, plaintiffs' brief on appeal appears to be an attempt to relitigate the issues previously before the probate court when it admitted the wills to probate. Plaintiffs make arguments that defendant coerced or unduly influenced decedents into making their estate planning choices, relying on evidence that was not part of the lower court record, which plaintiffs attached to their brief on appeal. Parties cannot expand the record on appeal, *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009), and this maneuver is an attempt to mislead the Court. It is

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

clear that the evidence attached to plaintiffs' brief on appeal is the evidence relied on by the probate court when it entered the November 18, 2020 order admitting the wills to probate. This evidence, however, was never entered in the lower court in this matter.

The doctrine of res judicata applies when "(1) there has been a prior decision on the merits, (2) the issue was either actually resolved in the first case or could have been resolved in the first case if the parties, exercising reasonable diligence, had brought it forward, and (3) both actions were between the same parties or their privies." *Bennett v Mackinac Bridge Authority*, 289 Mich App 616, 630; 808 NW2d 471 (2010) (quotation marks and citation omitted). The doctrine of res judicata precludes plaintiffs' arguments on appeal pertaining to coercion and undue influence because the probate court already determined that there was no such evidence of coercion or undue influence by defendant in the action admitting the wills to probate. Therefore, an assessment of costs against plaintiffs' attorney for vexatious litigation is appropriate, MCR 7.216(C), as is an award of costs and fees for defendant, MCR 7.219(A).

## B. TORTIOUS INTERFERENCE WITH AN EXPECTED INHERITANCE

Next, plaintiffs argue that they should have been allowed leave to filed an amended complaint because Michigan recognizes a cause of action for tortious interference with an expected inheritance. We disagree.

A motion to amend the complaint may be denied based on:

(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. [*Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 216; 859 NW2d 238 (2014) (quotation marks and citation omitted).]

"The amendment of a pleading is properly deemed futile when, regardless of the substantive merits of the proposed amended pleading, the amendment is legally insufficient on its face." *Kostadinovski v Harrington*, 321 Mich App 736, 734-744; 909 NW2d 907 (2017).

Plaintiffs rely on *In re Green*, unpublished per curiam opinion of the Court of Appeals, issued August 16, 1996 (Docket No. 173335), to argue that Michigan recognizes a cause of action for tortious interference with an expected inheritance. The *In re Green* Court stated that

[t]he Second Restatement of Torts defines tortious interference with an expected inheritance as follows:

One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift. [4 Restatement Torts, 2d, § 774B, p 58.]

This Court gave tacit recognition to the restatement provision in *Estate of Doyle v Doyle*, 177 Mich App 546, 549; 442 NW2d 642 (1989), lv den 433 Mich 910

(1989). We expressly recognize this tort and join the numerous jurisdictions which have defined its elements as: (1) the existence of an expectancy; (2) intentional interference with that expectancy; (3) the interference involved conduct tortious in itself such as fraud, duress or undue influence; (4) a reasonable certainty that the devise to the plaintiff would have been received had the defendants not interfered; and (5) damages. [*In re Green*, unpub op at 2.]

Because this decision is unpublished, it is not binding precedent. MCR 7.215(C)(1). Moreover, the decision relied upon, *Estate of Doyle*, 177 Mich App at 549, merely cites the Second Restatement of Torts.

Decisions decided after *In re Green* make clear that this state has not recognized tortious interference with an expected inheritance as a cause of action.[2] Because this cause of action does not exist, allowing plaintiffs leave to amend their complaint to add such a claim would be futile. *Kostadinovski*, 321 Mich App at 734-744. Therefore, the probate court did not abuse its discretion when it denied plaintiffs' motion for leave to amend.[3]

Affirmed. Costs are assessed against plaintiffs' attorney for vexatious litigation, MCR 7.216(C), and as the prevailing party, defendant may tax costs, MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

---

[2] See *In re Carter Estate*, unpublished per curiam opinion of the Court of Appeals, entered May 31, 2012 (Docket No. 303364), pp 7-8; *In re Bandemer Estate*, unpublished per curiam opinion of the Court of Appeals, entered October 12, 2010 (Docket No. 293033), p 3; *Charfoos v Schultz*, unpublished per curiam opinion of the Court of Appeals, entered November 5, 2009 (Docket No. 283155), p 5; *Dickshott v Angelocci*, unpublished per curiam opinion of the Court of Appeals, entered June 17, 2004 (Docket No. 241722), p 18.

[3] Based on this conclusion, we need not address defendant's alternative argument based on res judicata as it relates to this tort claim.